**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

RECEIVED

DEC 1 4 2015

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Tyler LoThaire Reynolds

<u>**Plaintiff**</u>

Vs.                                                             **COMPLAINT**

Judy Morrison
Mike Schierbrock
Jay Nelson
Dot Faust
Scott Miller
Tracy Dietsch
Kay Kopatich

<u>**Defendants**</u>

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES and JURY DEMAND**

<u>**Introduction**</u>

This is a civil rights action filed by Tyler LoThaire Reynolds (Reynolds), a state prisoner, for damages and injunctive relief under 42 U.S.C. §1983 alleging violations of the **Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc**, the **First Amendment**, the **Eighth Amendment** and the **Fourteenth Amendment**. I am an enrolled member of a federally recognized tribe" Winnebago Tribe of Nebraska" with a federal enrollment number of 383-UO6800. Defendants have prohibited me from exercising my religious beliefs and practices, desecrated sacred sacraments, grossly neglected to protect me from the exposure of communicable diseases within the Native American Religion (NAR) group at the Iowa State Penitentiary and used retaliation measures against me.

## Jurisdiction

*1.*        This complaint is brought pursuant to 42 U.S.C., § 1983, and jurisdiction is based on

28 U.S.C. § 1343 (c).  Plaintiff alleges that the defendants acted under color of state law with

regard to the facts stated in paragraphs 10 through 13 of this complaint.


## Parties

### *Plaintiff*

**2.**      The plaintiff Tyler L. Reynolds was incarcerated at the Iowa State Penitentiary during the

events described in this complaint. He resides at the Iowa State Penitentiary, P.O. Box 316 Fort

Madison, Iowa 52627**.**


### *Defendants*

*3.*        Defendant Judy Morrison is the" Native American Consultant" for the Iowa Department

of Corrections. She is sued in her ***individual and official capacities***. Her place of business is 15

Solar Street, Iowa City, Iowa, 52240.


*4.*        Defendant: Michael Schierbrock is the "Associate Warden of Treatment" at the Iowa State

Penitentiary. He is sued in his ***individual and official capacities***. His place of business is at the

Iowa State Penitentiary, P.O. Box 316, Fort Madison, Iowa, 52627.


*5.*        Defendant: Jay Nelson is the "Religious Review Coordinator" for the Iowa Department of

Corrections. He is sued in his ***individual and official capacities***. His place of business is 2700

Coral Ridge Avenue, Coralville, Iowa, 52241.

*6.*      Defendant: Dot Faust is the "Deputy Director of Offender Services" for the Iowa State Department of Corrections. She is sued in her *individual and official capacity*. Her place of business is I.D.O.C. Central Office, 510 East 12th Street, Suite 3, Des Moines, Iowa, 50319.

*7.*      Defendant: Scott Miller is a member of the" Statewide Spiritual Activities Review Committee" for the Iowa Department of Corrections. He is sued in his *individual and official capacity*. His place of business is I.D.O.C. Central Office, 510 East 12th Street, Suite 3, Des Moines, Iowa, 50319.

*8.*      Defendant: Tracy Dietsch is a member of the" Statewide Spiritual Activities Review Committee" for the Iowa Department of Corrections. She is sued in her *individual and official capacity*. Her place of business is I.D.O.C. Central Office, 510 East 12th Street, Suite 3, Des Moines, Iowa, 50319.

*9.*      Defendant: Kay Kopatich is a member of the" Statewide Spiritual Activities Review Committee" for the Iowa Department of Corrections. She is sued in her *individual and official capacity*. Her place of business is I.D.O.C. Central Office, 510 East 12th Street, Suite 3, Des Moines, Iowa, 50319.

## Statement of Claim

*10.*      On June 10th of 2014 I met with the Native American consultant Judy Morrison at the all-purpose religious center at the Iowa State penitentiary in Fort Madison Iowa. During this meeting I explained to Ms. Morrison that her actions of eliminating the use of sacred tobacco in

prayer ties and the mixing of sacred tobacco used in pipe ceremonies with foreign substances

wasn't going to work for me being a participant of the Native American Religion. I told her I

was a "Winnebago" Indian and my beliefs are that of the Native American church and we don't

believe in mixing our sacred tobacco because that's desecrating it and I still need sacred  tobacco

for the prayer ties because this is how I do my sacred tobacco offerings to the creator and spirits.

I explained to her the change she has made leaves me without a way to worship and we need to

come up with a solution to this problem. At this point she states the policy will stay in place due

to a ruling concerning a South Dakota lawsuit that permitted state officials in that state to mix the

***Lakota Sioux's*** sweat lodge's sacred tobacco with red willow bark which is already a accepted

practice exercised in a Sioux pipe ceremony. I explained to her again that I'm a Winnebago

Indian and my beliefs stem from the Native American church and not the Lakota Sioux Sweat

Lodge or the Sioux Nation. At this point she informed me that the Native American Religion

group is now being classified as a **Lakota Sioux Sweat Lodge** (Not a multiple Native American

faith group) and I'll have to practice in their beliefs and ways or it will be nothing at all. At this

point I informed her she was leaving me with no choice but I'll have to put in a request to start

the Native American church and in the mean time my sister will be sending her a ceremonial

pipe for my use. She told me her beliefs of possessing a sacred pipe which co-insides with the

teachings of the Sioux Indians and told me she will not allow my sister to give me a pipe that is

purchased. Once again I told her I was Winnebago Indian and my faith differs from the Sioux

and that anybody can **buy, trade, make** or **pick up** a pipe to pray as long as it's blessed before

use. I also stated I don't follow Sioux Traditions and I want and need a sacred pipe like others in

the Native American Religion group. I told her this pipe was needed because of the system she

has set in place concerning the sacred tobacco, and the use of the sacred pipe is the only way I

can pray. I also informed her there are communicable diseases being spread around with a large

group of inmates using a small number of sacred pipes and we're being exposed to this danger

every time we put our mouths on the sacred pipe after other inmates. At this point she told me

the meeting is over with and she won't do anything for me. About a week later I had my sister

Tamala Reynolds call Judy Morrison to ask how to send me a Sacred pipe and she informed my

sister not to send it because she will not accept it on my behalf because we are not following her

beliefs and traditions. I filed a grievance (1st) on Ms. Morrison's actions to the religious review

coordinator Jay Nelson on 6/21/14 and he denied my grievance on 7/14/14. The week after the

denial of the grievance Judy Morrison Calls a "special" meeting with the N.A.R group on

7/23/14 and informs the group that I've been putting in grievances concerning sacred tobacco

and submitting a request to start the Native American church at the prison. She tells the group if I

keep grieving the tobacco issue she'll have the Iowa Department of Corrections take the little

tobacco we do have and if the Native American church gets approved the Iowa Department of

corrections will only let the sweat lodge have meetings two (2) or Three (3) times a year instead

of once every week like it's been doing for the past Thirty one (31) years.  At this time I stood up

in front of the group and apologized for the threats that were being made to the group and told

them how sorry I was for the retaliation that might fall upon them because of my actions. The

Native America consultant's actions put me in danger with the members of the N.A.R... On

7/25/14 I submitted an informal resolution concerning the threats made by Ms. Morrison to the

group and the danger she put me in because of these actions, no resolution was reached. I

submitted grievance (2nd) on 8/14/14, was denied on 8/28/14. I appealed on 9/10/14 and this was

also denied on 9/11/14.


*11.*    On 6/10/14 I filed an informal resolution (1St) that was answered on 6/16/14 by the Iowa

State Penitentiary's **"Spiritual Activities Coordinator"** and "Associate Warden of Treatment"

Michael Schierbrock. The informal resolution was asking for the correction of the actions taken

by the Native American consultant in regards to my religious beliefs and practices and potential

threat of the spread of disease within the N.A.R. membership due to sharing ceremonial pipes. Michael Schierbrock failed to even attempt to come up with any kind of solution for any part of the complaint and told me to put a grievance in. On 7/25/14 Mr. Schierbrock answered my second informal resolution (2nd) concerning the threats made by Ms. Morrison to the group and the danger she put me in because of these actions, no resolution was reached. In late November/early December of 2014 Tamala Reynolds also sent Michael Schierbrock a ceremonial pipe for me. He refused to accept the pipe on my behalf and sent it back to the sending party.

*12.*     I submitted a grievance (1st) on 6/21/14 to the **"Statewide Spiritual Activities Coordinator"** Jay Nelson. On July 14th of 2014 Mr. Nelson denied my Grievance concerning the actions of Judy Morrison in regards to my religious beliefs and practices and potential threat of the spread of disease within the N.A.R. membership due to sharing ceremonial pipes. I also submitted a second grievance (2ND) on 8/14/14 concerning the threats made by Ms. Morrison to the group and the danger she put me in because of these actions, this grievance was also denied on 8/28/14.

*13.*     I appealed Jay Nelson's denial decision to the **"Statewide Religious Review Committee"** which is made up of four (4) members, Dot Faust, Scott Miller, Tracy Dietsch, and Kay Kopatich. This committee denied my appeal of the Grievance (1st) concerning the actions of Judy Morrison in regards to my religious beliefs and practices and potential threat of the spread of disease within the N.A.R. membership due to sharing ceremonial pipes. I also submitted a second appeal (2nd) on 9/10/14 for a second grievance concerning the threats made by Ms. Morrison to the group and the danger she put me in because of these actions, this appeal was also denied on 9/11/14.

## Exhaustion of Administrative Remedies and Pending Litigation

*14.*    A.    Plaintiff has been through the complete exhaustion of the Iowa Department of Corrections administration remedies and has exhausted all necessary remedies required by federal law.

B.    Plaintiff has a 42U.S.C. §1983 civil complaint (4:15-CV-00070-JAJ) pending with the court at this time. The case involves the establishment of religion against the same defendants and by the same plaintiff.

## Claims for Relief

*15.*    The actions of each defendant as complained about in paragraphs 10 through 13 constitute a violation of my **First Amendment** constitutional right by failing to permit me to use sacred tobacco as a religious sacrament without it being desecrated by the act of being mixed with foreign substances.

*16.*    The actions of each defendant as complained about in paragraphs 10 through 13 constitute a violation of my **Eighth Amendment** constitutional right for the act of permitting the exposure of communicable diseases within the Native American population of the N.A.R. and being aware at all times of said danger.

*17.*    The actions of each of the defendants as complained about in paragraphs 10 through 13 constitute a violation of the **Fourteenth Amendment** constitutional right of equal protection when the defendants denied me the right to possess a sacred pipe as other inmates of the N.A.R...

*18.*    The actions of each defendant as complained about in paragraphs 10 through 13 constitute a violation of the Religious **Land Use and Institutionalized Persons Act** (RLUIPA),

42 U.S.C. §2000cc, when they placed extreme burdens on my religious exercises and didn't produce lesser restrictive alternatives.

19.     The actions of the defendant in paragraph 10 constitute a violation of the **Eighth amendment** by putting my life in danger by threatening other prisoners' religious services because of my actions of exercising my constitutional rights to grieve and establish.

20.     The actions of the defendant in paragraph 10 constitute a **First Amendment Retaliation** claim because I was exercising a protected right (grievance) and the defendant took adverse actions (threats & intimidation) against me.

21.     The failing of actions by the defendants in the paragraph 11 through 13 constitutes violation of the **Eighth Amendment, First Amendment Retaliation and Fourteenth Amendment Retaliation** for failing to take action to investigate and correct the actions of their subordinate in paragraph 10 when the defendant committed these acts.

22.     The actions of the defendants in paragraphs 11 through 13 constitutes a violation of my **Eighth Amendment Right** for failing to protect me from an outside contractor who is dictating, suppressing, oppressing, attempting to harm and harming my religious exercises, beliefs, and person.

23.     The actions of the defendants in paragraphs 11 through 13 constitutes a violation of my **First Amendment Right** by forcing me to rely on a religious consultant with extremely different beliefs then my own.

## Relief

**WHEREFORE**, plaintiff requests that the court grant the following relief:

**A.   Issue a declaratory judgment stating:**

*1.*        Defendants violated the plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution when they ***substantially burdened*** Reynolds's exercise of freedom of religion by restricting the use of sacred artifacts and sacraments within his beliefs, as set forth above.

*2.*        Defendants violated the plaintiff's constitutional right under the eighth Amendment of the United States Constitution when they grossly permitted the potential spread of communicable diseases within the Native American Religion (N.A.R.) within the Iowa Department of Corrections, as set forth above.

*3.*        The Native American Religion (N.A.R.) Group in the Iowa Department of Corrections is a multiple Native American faith group and is in no way, shape or form a **singular** faith for any **particular** Native American Nation.

**B.     Issue an injunction ordering the defendants or their agents to:**

*1.*  Immediately take the proper measures to stop the potential spread of commutable diseases within the N.A.R. Religious group.

*2.* Immediately set back in place the thirty (30+) years of practice within the Iowa Department of Corrections the use of sacred tobacco without any kind of mixture for the use in religious prayer ties, offerings and pipe ceremonies that are not Lakota Sioux based.

*3.* Immediately permit plaintiff to possess sacred pipe in concordance with his religious beliefs.

*4.* Initiate contact with a **federally recognized** Native American with vetted knowledge of the Native American church and all other Native American religions.

**C.**    **Award compensatory damages in the following amounts:**

*1.* Award $100,000 jointly and severally against defendants Faust, Deitsch, Miller, Kopatich, Nelson and Schierbrock.

*2.* Award $500,000 jointly and severally against defendant Morrison.

**D.**    **Award Punitive damages in the following amounts:**

*1.* Award $50,000 against each defendant Faust, Deitsch, Miller, Kopatich, Nelson and Schierbrock.

*2.* Award $100,000 against defendant Morrison.

**E.**    **Award plaintiff costs of this action from the defendants.**

**F.**    **Grant such other relief that this court deems the plaintiff is entitled.**

Respectfully submitted,

Tyler LoThaire Reynolds
Iowa State Penitentiary
P.O. Box 316
Fort Madison, Iowa, 52627

**[Plaintiff]**

*Declaration*

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _December 8th_, 2015.

Tyler LoThaire Reynolds, pro se

Tyler Reynolds #0807587
I.S.P., Box 316
Ft. Madison, IA
52627

X-RAYED & CLEARED BY U.S.M.S. SA

NOTICE: This correspondence was mailed from an institution of the Iowa Department of Corrections.

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 52627 $ 001.86°
02 1W
0001400780DEC 09 2015

Clerk of Court
Southern District of Iowa
P.O. Box 9344
Des Moines, IA
50306-9344

Legal Mail